IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES AARON GRUSOFSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-474 |
| ) | Judge Nora Barry Fischer |
| SPEEDWAY LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

This is a personal injury action brought by Plaintiff James Aaron Grusofski ("Grusofski") against Defendant Speedway LLC ("Speedway") arising from a workplace injury Grusofski sustained on October 26, 2021 when he was hit by a vehicle driven by a Speedway employee in a marked construction zone on a highway in Ohio County, West Virginia. (Docket No. 1-1). This case was initiated in the Court of Common Pleas of Allegheny County and was later removed here by Speedway on March 29, 2024. (Docket No. 1). Presently before the Court are Grusofski's Motion to Remand, Speedway's Response in Opposition, Grusofski's Reply and the parties' Responses to the Court's Show Cause Order. (Docket Nos. 5; 9; 11; 14). After careful consideration of all of these submissions, and for the following reasons, Plaintiff's Motion [9] is granted and this matter will be remanded to the Court of Common Pleas, forthwith.

### II. BACKGROUND

Grusofski is a resident of Washington, County, Pennsylvania. (Docket No. 1-2 at ¶ 1). As noted, he was injured in an accident on October 26, 2021 in Ohio County, West Virginia when a Speedway employee hit him with her vehicle while he was working in a marked construction zone

1

on the highway. (*Id*. at ¶¶ 10-18). Grusofski proceeded to file his Complaint in the Court of Common Pleas of Allegheny County on October 24, 2023 asserting claims of negligence and vicarious liability against Speedway and several related entities, i.e., SEI Speedway Holdings, LLC, 7-Eleven, Inc., SEJ Asset Management & Investment Company, Inc., Seven-Eleven Japan Co., Ltd, and Seven & iHoldings Co., Ltd., (collectively "other 7-Eleven Defendants"), all of which were citizens of Delaware, Texas and/or Japan. (Docket No. 1-2 at ¶¶ 2-7). The allegations set forth in the Complaint make clear that the case was removable at all times on the basis of diversity jurisdiction because all of the original parties were of diverse citizenship and the amount in controversy plainly exceeded $75,000, particularly given the lengthy list of Grusofski's injuries including, among others, several fractures, permanent damage to nerves and mobility, mental and emotional distress and PTSD. (*Id*. at ¶¶ 17(a)- 17(z)). He asserts that he has required multiple surgical procedures and ongoing treatment for his physical and mental health issues. (*Id*.). Grusofski also seeks damages for such medical treatment/procedures, lost wages, a Worker's Compensation lien in excess of $40,000, and punitive damages. (*Id*.).

Plaintiff's counsel Noah Geary, Esq. ("Plaintiff's counsel") mailed the complaint and an acceptance of service form to the Dinsmore & Shohl Law Firm in West Virginia on November 14, 2023. (Docket No. 9 at ¶ 5). Attorney David Bolen of Dinsmore & Shohl emailed Plaintiff's counsel on November 20, 2023 and advised that his firm was not authorized to accept service of the Complaint but that Speedway would be assigning the matter to Pennsylvania counsel for further handling. (*Id*. at ¶ 6). Attorney Bolen then sent the Complaint to current defense counsel Rebecca Sember Izsak, Esq. of the law firm of Thomas, Thomas and Hafer, LLP in Pittsburgh, ("defense counsel"), who admits that she received a "courtesy copy" of the Complaint at that time. (Docket No. 11 at 2-3).

Approximately one week later, defense counsel contacted Plaintiff's counsel and proposed that the parties stipulate that the other 7-Eleven Defendants be dismissed, and the caption and complaint be amended to reflect same and conveyed that Speedway would accept service of the Complaint upon the approval of the stipulation by the Court of Common Pleas. (Docket No. 5 at 2-3). In light of these discussions, Plaintiff's counsel did not proceed to formally serve the Complaint on Speedway, or the other 7-Eleven Defendants, and defense counsel did not sign the waiver of service form which had been provided. (Docket No. 11 at 3). Thereafter, a formal stipulation was prepared by the parties under the case caption of the Court of Common Pleas of Allegheny County. (Docket No. 1-3 at 4-6). In pertinent part, the Stipulation reads:

**STIPULATION TO DISMISS LESS THAN ALL DEFENDANTS WITHOUT PREJUDICE, ACCEPT SERVICE OF COMPLAINT AND TO AMEND CAPTION**

The undersigned counsel and parties herein agree and stipulate as follows:

1. The following Defendants have not yet been served and all parties agree that they shall be dismissed without prejudice:
   a. SEI SPEEDWAY HOLDINGS, LLC, a Delaware Limited Liability Company;
   b. 7-ELEVEN, INC., a Texas Corporation with its principal place of business in Irving, Texas;
   c. SEJ ASSET MANAGEMENT & INVESTMENT COMPANY, INC.;
   d. SEVEN-ELEVEN JAPAN Co, LTD; and
   e. SEVEN & iHOLDINGS CO., LTD;

2. SPEEDWAY LLC, a Delaware Limited Liability Company agrees to accept service of the Complaint on the date that the Order approving this stipulation is signed;

3. All references to the dismissed entities above shall be stricken from the Complaint;

4. The caption of the above captioned matter shall be

> amended to reflect the deletion of the dismissed parties set forth in a. – e., above; and
>
> 5. The case caption should be amended to read as follows:
>
> [JAMES AARON GRUSOFSKI, Plaintiff v. SPEEDWAY LLC, a Delaware Limited Liability Company, Defendant].

(Docket No. 1-3 at 4-6). Defense counsel signed the Stipulation as counsel for Speedway LLC on January 23, 2024. (*Id*. at 6). Plaintiff's counsel then executed the Stipulation on behalf of his client, Grusofski, on February 29, 2024. (*Id*. at 5). The parties' Stipulation was filed with the Court of Common Pleas along with an uncontested motion certification form listing the addresses, phone numbers and emails of counsel for both Grusofski and Speedway, a proposed order and a certificate of service signed by Plaintiff's counsel on February 29, 2024, indicating that the Stipulation was mailed to defense counsel at the same address on that date. (Docket No. 1-3). Notably, it appears that, on the certificate of service, Plaintiff's counsel crossed out the typed date of "December __, 2023" and a typed reference to "Counsel for Walmart Defendants"[1] and hand wrote "February 29, 2024," and "Counsel for Plaintiff" when signing the form. (*Id*.).

The Court of Common Pleas adopted the parties' proposed order and approved the Stipulation on March 4, 2024. (Docket No. 1-4). In relevant part, the Order provides that:

> [u]pon consideration of the Stipulation of the parties, it is hereby ORDERED as follows:
>
> 1. SEI SPEEDWAY HOLDINGS, LLC, a Delaware Limited Liability Company; 7-ELEVEN, INC., a Texas Corporation with its principal place of business in Irving, Texas; SEJ ASSET MANAGEMENT & INVESTMENT COMPANY, INC.;

---

[1] The Court notes that defense counsel has represented Walmart and related entities in several prior actions before this Court. *See e.g., Hernandez et al. v. Wal-Mart Stores East, L.P.*, Civ. A. No. 21-499 (W.D. Pa. 2021); *Wheeler v. Wal-Mart Stores, Inc.*, Civ. A. No. 22-785 (W.D. Pa. 2022); *Green v. Wal-Mart Stores East, L.P.*, Civ. A. No. 23-176 (W.D. Pa. 2023).

>   SEVEN-ELEVEN JAPAN Co, LTD; and SEVEN & iHOLDINGS CO., LTD, are hereby dismissed from this matter and from the caption without prejudice;
>
>   2.  SPEEDWAY LLC, a Delaware Limited Liability Company agrees to accept service of the Complaint as of the date of the signing of this Order;
>
>   3.  All references to the dismissed entities above shall be stricken from the Complaint;
>
>   4.  The caption of the above captioned matter shall be amended to reflect the deletion of the dismissed parties set forth in 1, above; and shall read as follows:
>
>   [JAMES AARON GRUSOFSKI, Plaintiff, v. SPEEDWAY LLC, a Delaware Limited Liability Company]

(Docket No. 1-4). Speedway did not file an answer or preliminary objections to Grusofski's Complaint while the case was in state court.

On March 29, 2024, Speedway filed its Notice of Removal removing this case on the basis of diversity of the parties. (Docket No. 1). In its Notice of Removal and briefs, Speedway maintains that it timely removed the action within 30 days of the State Court Order of March 4, 2024, which it claims is also the effective date of its acceptance of service of Plaintiff's Complaint. (Docket Nos. 1; 5; 11). Speedway alternatively suggests in a footnote that the matter was timely removed within 30 days of March 1, 2024 when the parties filed the Stipulation with the Court of Common Pleas. (Docket No. 11). Grusofski counters that this matter should be remanded to the Court of Common Pleas because the removal was not made within 30 days of Speedway's receipt of the Complaint in November of 2023 or its waiver of service by defense counsel signing the Stipulation on January 23, 2024. (Docket Nos. 9; 14). Although Speedway initially objected to this Court's authority to *sua sponte* issue an Order to Show Cause on the timeliness of the Notice of Removal, Grusofski subsequently moved to remand, rendering such objection moot. (Docket Nos. 5; 9). The parties

5

have now had a full and fair opportunity to brief Grusofski's motion to remand such that it is fully briefed and ripe for disposition. (Docket Nos. 5; 9; 11; 14).

### III. LEGAL STANDARDS

A notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Our Court of Appeals has recognized that "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). "'The removing party ... carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand.'" *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014), *aff'd*, 578 U.S. 374, 136 S. Ct. 1562, 194 L. Ed. 2d 671 (2016) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir.2009) (internal citations omitted)).

### IV. DISCUSSION

At the outset, the parties appear to agree that Grusofski did not formally serve his Complaint on Speedway and that defense counsel received a courtesy copy of the Complaint in November of 2023. (Docket Nos. 5; 9; 11; 14). Hence, in deciding Grusofski's motion to remand, the Court must

resolve the parties' disputes as to when the removal clock commenced by determining the date upon which Speedway accepted or waived service of process under Pennsylvania law. (*See id*.). Speedway maintains that it did not accept service of process until the Stipulation was filed with the Court of Common Pleas on March 1, 2024, or the date that Court entered the order approving the parties' Stipulation on March 4, 2024, making its March 29, 2024 removal timely. (Docket Nos. 5; 11). Grusofski asserts that defense counsel's actions leading to her execution of the stipulation on January 23, 2024, sufficiently demonstrated that Speedway was consenting to the jurisdiction of the Court of Common Pleas such that service was waived. (Docket Nos. 9; 14). Having carefully considered the parties' positions, the Court agrees with Grusofski that defense counsel effectively waived service under Pennsylvania law more than 30 days before this case was removed.

The Supreme Court held in *Murphy Brothers* that a defendant's mere receipt of a courtesy copy of a Complaint is not enough to trigger the removal clock set forth in § 1446(b), absent formal service of the Complaint or a waiver of service. *See Murphy Bros.*, 526 U.S. at 350-51; *see also Di Loreto*, 351 F. App'x at 751. Since formal service was not effectuated here, the Court must determine if and when service was waived. As this Court has recognized previously,

> "The question of whether service, or waiver thereof, occurred [is] a question of state law." *Cmiech v. Electrolux Home Products, Inc.*, 520 F. Supp. 2d 671, 674 (M.D. Pa. 2007). Pursuant to Pennsylvania law, "effective service of process may be obtained through waiver or consent." *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. Ct. 2004) (citation omitted). "One can waive service of process by various means, and become a party to a suit by voluntary appearance." *Id.* (citing *Vandegrift v. Knights Road Industrial Park, Inc.*, 490 Pa. 430, 416 A.2d 1011, 1013 (Pa. 1980)). "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'" *Id.* (quoting *Cathcart v. Keene Industrial Insulation*, 471 A.2d 493, 499 (Pa. Super. Ct. 1984)).

*Ricci v. Rockwater Ne. LLC*, Civ. A. No. 15-1281, 2015 WL 6509442, at *2 (W.D. Pa. Oct. 28, 2015).

In the same matter, this Court "reviewed the relevant precedent governing the waiver of service by actions of authorized counsel" and noted the emergence of following principles:

> Of course, counsel's execution of a waiver of service form on behalf of a client constitutes a valid waiver of service as of the date of the waiver. *See* PA. R. CIV. P. 402(b) ("In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate [acceptance of service] document"). An attorney's entry of an appearance on the court's docket, by itself, does not suffice to waive service. *See* PA. R. CIV. P. 1012(a) ("A party may enter a written appearance [with the court] … Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue."); *see Fleehr*, 857 A.2d at 685. Moreover, an attorney's efforts to negotiate a waiver of service (through email correspondence or otherwise) with opposing counsel is not enough to demonstrate that service was waived. *See e.g., Di Loreto*, 351 F. App'x at 752; *Cmiech*, 520 F. Supp. 2d at 674. However, service may be waived if the attorney moves beyond these types of nominal activities and appears in court to represent the client's interests on the merits of a case—without preserving any defenses based on the allegedly defective service. *See Cmiech*, 520 F. Supp. 2d at 675 (one factor courts finding service was waived by counsel was "common is interaction with the court; whether by filing complaints or making appearances, defendants in the above cases acted in such a way as to submit themselves to the authority of the court.").

*Ricci*, 2015 WL 6509442, at *2. In *Ricci*, this Court found that service had been waived by counsel who had received a copy of the lawsuit, appeared in the Court of Common Pleas on behalf of the client and participated in a discovery hearing between additional parties to the suit. *Id*. at *3. Although counsel signed a waiver of service form a few days after that hearing, and removal would have been timely if that date had been utilized, the Court concluded that counsel had waived service by participating in the discovery hearing, without preserving any objections to service of process.

Since the hearing took place more than 30 days before the removal was filed, the Court remanded the matter to the Court of Common Pleas. *Id*. In reaching this decision, the Court relied on the Superior Court's decision in *Fleehr v. Mummert*, which had similarly found that service had been waived when counsel appeared at a hearing in the Court of Common Pleas and agreed to consolidate the matter with another arbitration case, plainly evidencing the party's consent to the jurisdiction of the Court of Common Pleas and waiving service. *Fleehr*, 857 A.2d at 685.

While it is true that defense counsel in this matter did not physically appear in the Court of Common Pleas to defend her client, Pennsylvania courts have found that service may be waived by the out-of-court actions of a party or authorized counsel directed toward the merits of the litigation. To that end, in *Sharpe v. McQuiller*, the Superior Court held that a pro se party participated in the merits of the litigation and waived service by tendering handwritten discovery responses to opposing counsel on a piece of paper that did not include the case caption. 206 A.3d 1179, 1185 (Pa. Super. Ct. 2019). Likewise, in *Ball v. Barber*, the Superior Court determined that service was waived when counsel submitted a notice of deposition to another party to the litigation seeking school records relevant to the merits of the lawsuit. 621 A.2d 156, 158 (Pa. Super. Ct. 1993). Most relevant to this matter is the recent decision of the Superior Court in *Reddy v. Tharp*, which held that the defendants "waived service when they entered into [a] Stipulation, and submitted to the court's jurisdiction" at that time. 313 A.3d 197 (Pa. Super. Ct. 2024).

Briefly, the essential facts of *Reddy* are that a complaint alleging that defendants had defaulted on a promissory note was filed in June of 2019 but not served. *Reddy*, 313 A.3d at 197. Later, in August of 2019, the parties entered into a stipulation that amended the case caption, changed the names of one of the defendants, set forth a settlement and payment plan for defendants to pay off the balance, and stated that a consent judgment could be entered in the Court of Common

Pleas if the payments were not timely made. *Id*. The Stipulation was not filed immediately. *Id*. Rather, after 10 months had passed and several payments had been missed, in June of 2020, the Stipulation and a consent judgment were filed. *Id*. The Superior Court affirmed the decision of the trial court denying a petition to strike the judgment, finding that the language of the "Stipulation established the [defendants'] intent to put [themselves] under the court's jurisdiction and waived the need for service." *Id*. The Superior Court also rejected the argument that the failure of the plaintiff to reinstate the complaint precluded the entry of judgment because service had been waived. *Id*.

Following such authority, this Court must examine the actions of defense counsel and the language of the Stipulation in this matter to determine if Speedway manifested the intent to submit to the jurisdiction of the Court of Common Pleas by taking some action "evidenc[ing] an intent to forgo an objection to the defective service." *Sharpe*, 206 A.3d at 1184. In this Court's estimation, the undisputed facts plainly show that defense counsel took steps well beyond the nominal activities which courts have recognized would not be sufficient to demonstrate a waiver of service (i.e., merely entering an appearance, negotiating a waiver of service, filing a rule for the plaintiff to file a complaint, or attending a scheduling conference without arguing the merits) when she executed the Stipulation on behalf of her client and served it on her opponent. *See id*. The Court reaches this decision for several reasons.

First, the Stipulation is written under the case caption of the Court of Common Pleas, states that "the undersigned counsel and parties herein agree and stipulate," to the terms thereof, and is executed by defense counsel of behalf of Speedway, all of which plainly evidence Speedway's admission that it is a party to the action and its consent to the jurisdiction of the Court of Common Pleas. *See Reddy*, 313 A.3d at 197; *see also Sharpe*, 206 A.3d at 1184.

Second, the Stipulation is broad in scope and involves actions covered by several different

Pennsylvania Rules of Civil Procedure which require leave of court or the consent of opposing parties, further evidencing Speedway's intent to forgo any objection to service and submit to the jurisdiction of the Court of Common Pleas. *See id.* To that end, the parties agreed that Grusofski's Complaint would be discontinued against the other 7-Eleven Defendants, an action covered by Rule 229(b)(1). *See* Pa. R. Civ. P. 229(b)(1) ("a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance."). In addition, the parties stipulated that the caption would be amended to correct the name of Speedway and to amend the Complaint to strike "[a]ll references to the dismissed entities," i.e., the other 7-Eleven Defendants, actions which are covered by Rule 1033(a). *See* Pa. R. Civ. P. 1033(a) ("A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading."). Lastly, the Stipulation purports to set a deadline for Speedway's acceptance of service under Rule 404(b) by tethering it to "the date that the Order approving this stipulation is signed" by the Court of Common Pleas, and Rule 1003 generally allows a waiver of deadlines "by agreement of the parties." *See* Pa. R. Civ. P. 1003 ("Rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties. The court on cause shown may extend or shorten the time within which pleadings shall be filed or process served."). However, as the Superior Court has held, "[o]nce a party takes action on the merits of a case," by engaging in matters unrelated to preserving objections to defective service, that party "waives his right to object to defective service of process." *Ball*, 621 A.2d at 158.

Third, although the Stipulation attempts to set a prospective date in the future for Speedway's acceptance of service, both the title and language of thereof make clear that Speedway is agreeing to

11

accept service of the Complaint, demonstrating Speedway's intent to waive any objections to defective service. *See Reddy*, 313 A.3d at 197; *see also Sharpe*, 206 A.3d at 1184. Speedway has not cited any authority supporting its position that its prospective acceptance of service on a future date is authorized by Rule 402(b). (*See* Docket Nos. 5; 11). However, following *Reddy*, it is this Court's opinion that Speedway waived service and submitted to the jurisdiction of the Court of Common Pleas when defense counsel executed the Stipulation on January 23, 2024. *Reddy*, 313 A.3d at 197. Further, the facts that the Stipulation was not filed immediately and that it was not until several weeks later that the Stipulation was joined by Plaintiff's counsel and approved by the Court of Common Pleas are not dispositive. *Id*. Moreover, Speedway's contention that the Complaint expired and needed to be reinstated to effectuate service is overruled because, again, Speedway waived service and any alleged defects in same. *See Reddy*, 313 A.3d at 197 ("Tharp argues that the Complaint had not been reinstated and therefore expired when not served. As stated above, Appellants waived the service requirement when they entered the Stipulation and submitted to the court's jurisdiction.").

Fourth and importantly, it is well established that this Court does not have the authority to extend the 30-day deadline for the filing of a notice of removal set forth in § 1446(b). *Brown v. Rite Aid Corp.*, 415 F. Supp. 3d 588, 591 (E.D. Pa. 2019) (internal quotation omitted) ("Unless otherwise authorized by statute, this 30-day time limitation is mandatory and cannot be extended by the court."). Likewise, neither state court orders nor stipulations of parties in state court are effective to extend the statutory deadline for filing a notice of removal. *See e.g., THS Co., LLC v. Sheraton World Resort Orlando,* Civ. A. No. 06-4956(FLW), 2006 WL 3731205, at *2 (D.N.J. Dec. 18, 2006) (quotation omitted) ("[w]here the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties."); *Wright,*

*Miller and Kane*, Federal Practice and Procedure at § 3731 Procedure for Removal—Time for Seeking Removal, 14C Fed. Prac. & Proc. Juris. § 3731 (Rev. 4th ed.) ("these statutory periods [for removal] will not be extended by state court demurrers, motions to set aside service of process, pleas in abatement, stipulations, trial court-granted continuances, or various other state-court orders."). Hence, the parties' Stipulation purporting to set the date for the acceptance of service in the future would simply not operate to extend the deadline for filing the notice of removal in this case.

To conclude, the totality of the circumstances sufficiently demonstrates that Speedway took actions addressing the merits of this litigation, waived service, and consented to the jurisdiction of the Court of Common Pleas when its authorized counsel entered into the Stipulation on January 23, 2024. *Sharpe*, 206 A.3d at 1184. The removal statutes are to be strictly construed "so that the Congressional intent to restrict federal diversity jurisdiction is honored" and must be "rigorously enforced by the courts." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (quotation omitted). Since Speedway waived service and then delayed in filing its notice of removal until March 29, 2024, it failed to adhere to the 30-day statutory deadline set forth in § 1446(b), and this matter must be remanded to the Court of Common Pleas.[2] *See* 28 U.S.C. § 1447(c).

V.	CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand [9] is GRANTED. An appropriate Order follows.

                                       *s/ Nora Barry Fischer*
                                       Nora Barry Fischer
                                       Senior United States District Judge

Date:   June 27, 2024

cc/ecf: All counsel of record.

---

[2] The Court notes that the Court of Common Pleas of Allegheny County now operates a mandatory mediation program which may assist the parties in resolving this matter. *See* Allegheny Cty, Local Rule 212.7.